**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-08344-001-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Yazzie Black, | |
| Defendant. | |

Before the Court is Defendant Jeffrey Yazzie Black's ["Defendant Black"] Notice Regarding Eligibility for a Sentence Reduction under 18 U.S.C. § 3582(c)(2) Based on Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Doc. 51). The Government filed a Response opposing the Notice and Defendant Black's request for a reduced sentence. (Doc. 52). Defendant Black filed a Reply. (Doc. 54). For the foregoing reasons, the Court denies Defendant Black's Notice, which it construes as a Motion to Reduce Sentence because he is seeking a reduced sentence.

### A. Background

On October 23, 2018 a federal grand jury indicted Defendant Black on Count 1, Assault with a Dangerous Weapon (18 U.S.C. §§ 1153[1], 113(a)(3) and 3559(f)(3)[2]) and Count 2 Assault Resulting in Serious Bodily Injury (18 U.S.C. §§ 1153, 113(a)(6) and 3559(f)(3)). The two charges stem from the Defendant stabbing a juvenile, a 14 year-old

---

[1] Section 1153 applies to Major Crimes Act violations occurring in Indian Country as defined by 18 U.S.C. § 1151.
[2] Section 3559(f)(3) applies to mandatory minimum terms of imprisonment for violent crimes against children.

boy, in the chest with a knife.  The victim sustained "life-threatening injuries including a right hemothorax, and upper lobe lung laceration, a right atrial laceration and massive blood loss.  (Doc. 48 at 7).  The victim was transported to the Flagstaff Medical Center where he was admitted as a trauma patient in critical condition.  (Doc. 52 at 5).

At the sentencing hearing, the Government counsel described the circumstances of the stabbing.  The juvenile victim was seated in the front seat of a car, driven by his mother, enroute to play video games.  (UST at 18).[3]  Suddenly, Defendant Black, who was in the back, reached forward, placed his hand over the victim's mouth, and stabbed him in the chest with a knife.  (Id.).  The stabbing was unprovoked and without warning.  (Id. at 19). The  Government and the presentence report ("PSR") noted that when interviewed, Defendant Black stated he did not know the victim, did not recall getting into the car and did not recall the stabbing.  (Id.).  Of note, Defendant Black explained the victim must have "pissed him off" and that he cannot control his temper while drinking, indicating "whatever happens, happens when I snap out." (*Sealed* Doc. 45 at 4). Though he initially did not recall stabbing the victim, Defendant Black, later described for the investigating agent "how he stabbed the victim, how he held the knife and how he reached around" to stab the victim. (UST at 19).

Defendant Black entered a guilty plea to an Information charging him with Assault with a Dangerous Weapon in violation of 18 U.S.C. §1153 and 113(a)(3).   The maximum statutory term of sentence for this offense is a ten year  term of imprisonment and a fine. The Government and Defendant Black entered into a plea agreement (Doc. 42) which included a stipulated range of sentence of "no less than five (5) and no greater than ten (10) years.  (Id. at 2).  The Government would also move to dismiss the indictment upon sentencing.

Defendant Black's plea agreement included a "waiver of Defenses and Appeal Rights" in which he "waives . . . any right to file an appeal, any collateral attack, and any other writ of motion that challenges . . . any aspect of the defendant's sentence, including

---

[3] "UST" refers to the unofficial sentencing transcript."

the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) . . . and any right to file a motion for modification of sentence, including under Title 18, U.S.C. §3582(c)." (Id. at 5 ¶ 6). Defendant Black's waiver of appeal rights concludes that "[t]his waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging" his sentence in this case. (Id.).

Notwithstanding that Defendant Black agreed to waive his right to appeal or modify his sentence in exchange for the parties stipulated term of sentence, he now seeks a sentencing reduction of nine months.  (Doc. 51 at 4).   His request is based on an amendment to the U.S.S.G. which eliminated status points for person with 6 or fewer criminal history points.  In particular Amendment 821 (Part B Subpart 1) granted a 2-level reduction in the Base Offense Level for a person with zero criminal history points whose offenses did not involve specified aggravating criteria.   The amendment was made retroactive. Now, Defendant Black avers that because he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" he is eligible for a sentence reduction. (Doc. 51 at 3).  He says that under the Amendment, he is now eligible for a sentence reduction because he had 6 or fewer criminal history points so his new revised criminal history category would be "I" rather than "II" as calculated under the prior U.S.S.G. as noted in the PSR.  (Id. at 2-3).  Whereas his original Total Offense Level was 21 and his Criminal History Category was II, resulting in a final sentencing guideline range of 41-51 months, his revised Criminal History Category of 1 place him in a final sentencing guideline range of 37-46 months.  Therefore, Defendant Black seeks a 9 month reduction as it would be "proportional to his original sentence."  (Id. at 3)

The Government opposes any reduction in sentence because "Defendant waived his statutory right to seek such a sentence reduction in his plea agreement and the discretionary considerations under § 3582(c)(2) weigh against a reduction."  (Doc. 52).  In Reply, Defendant Black states "[his] plea agreement purports only to bar him from filing a motion

for modification of his sentence" but that section 3582(c)(2) "empowers [the court] to correct sentences that depend on frameworks that later prove unjustified" (citations omitted) (Doc. 54 at 1). He then states that there is nothing in his plea agreement that bars this Court from lowering his sentence on its own motion. (Id.) Apparently then, Defendant Black filed his "Notice of Eligibility for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2) to prompt this Court to review its own sentencing determination considering the retroactive application of the Amendment.

**B.  Law & Analysis**

"[A] favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea." *United States v. Cortez-Arias*, 425 F.3d 547, 548 (9th Cir. 2005). Moreover, "[a]s a general rule, fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected." *Johnson v. Lumpkin*, 769 F.2d 630, 633 (9th Cir. 1985). Providing Notice of a potential of a reduced sentence "merely alerts the district court that a sentence reduction could be warranted" but does not require the court to exercise its section 3582 authority. *See United States v. Malone*, 503 Fed. App'x. 499 (2012). The Ninth Circuit recognizes that plea agreements that include a waived right to file a motion to modify an imposed sentence may be enforced if "(1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made." *Malone*, 503 F. App'x at 500. Here, on May 13, 2019, the Court accepted Defendant's oral guilty plea finding it was knowingly, intelligently and voluntarily made. On July 29, 2019, the Court accepted the parties plea agreement and pronounced judgment on Defendant Black.

On July 29th, the Court imposed a ninety (90) month (7.5 year) imprisonment term on Defendant Black followed by a three-year supervised release term. (Doc. 49). In imposing this sentence the Court took into consideration the 18 U.S.C. § 3553(a) sentencing factors and the parties plea agreement. By accepting the parties plea agreement, the Court was bound to adhere to their stipulations. Here, Defendant Black overlooks that he entered a plea agreement which *stipulated* a sentencing range of "no less than five (5)

- 4 -

and no greater than ten (10) years.  (Doc. 42 at 2).  That is, he agreed to a sentence between 60 months and 120 months, well above his calculated final sentencing guideline range *regardless* of the Amendment's application.

Defendant Black understood the benefit of the bargain he entered and the potential that he would be sentenced to a term higher than his sentencing guideline range.  Indeed, the Government  sought an upward departure to achieve their agreed upon sentencing range based on the 3553(a) factors and U.S.S.G. 5K2.21, dismissed or uncharged conduct.  (Doc. 44).  Regarding dismissed conduct, the Government noted that "had the Defendant been convicted of Assault with a Dangerous Weapon as originally charged . . . his advisory sentencing guideline range would be no less than 120 months because the statutory minimum sentence under 18 U.S.C. § 3559(f) would apply." (Id. at 6).  At sentencing, the Government also argued that had it not been for the life-saving measures of the FMC trauma team, the circumstances of the Defendant's conduct could have resulted in a Second Degree murder charge because he exercised extreme disregard for human life when he stabbed the victim.  (UST at 19) (Defendant's counsel acknowledged "[W]e do understand that there was a victim here, and that he was seriously injured and that he could have died.") (UST at 16).  The Government then argued that the Defendant was a danger to others, needed a sentence for deterrence purposes and described the victim's impact. (Doc. 44).

To reach the parties stipulated sentencing range, the Court had to impose an upward departure.  The Court did so because it found that when under the influence of alcohol, Defendant Black is "very unpredictable" and posses a danger to others. (UST at 26).   The PSR notes that Defendant Black, while under the influence of alcohol, was involved in numerous altercations with others, in and outside of Indian Country.  Indeed, several of those altercations resulted in arrests.  Of note, Defendant Black was under a criminal justice sentence, related to his alcohol abuse, when he committed this offense.  (PSR at 7).  And, as the Government notes, Black readily admitted to law enforcement that "whatever happens, happens when I snap out" indicating that he recognizes what he is capable of when intoxicated.  The Court observed that Defendant Black has had a problem with alcohol since age 15 and he has experienced the consequences of his alcohol dependence

including job loss and law enforcement contacts. (UST at 25). Yet, he took no steps to address this problem. The Court also considered the victim's age, his ongoing medical issues and the emotional and psychological trauma he experiences as a result of Defendant Black's acts.

### C. Conclusion

The Court will not apply its discretion to revisit Defendant Black's sentence under section 3582(c)(2). Nothing in Amendment 821, or the Defendant's Motion changes the Court's sentencing considerations. The Defendant's Motion provides little reliance on the factors of dismissed conduct, community safety and to provide just punishment for the near-death injuries that he inflicted upon the 14-year-old victim. These factors combined to inform the Court's sentence within the parties agreed to stipulated range. The Court finds no need for reconsideration on its own Motion or that of the Defendant. The parties must each abide by the promises made in their plea agreement.

**IT IS ORDERED denying** the Defendants Notice (Doc. 51) which the Court construes as a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2).

Dated this 18th day of December, 2024.

Honorable Diane J. Humetewa
United States District Judge